# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| LUIS ALBERTO LUGO-VELEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:15-cv-01212-VEH-JHE |
| | ) |
| FEDERAL BUREAU OF PRISONS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

The magistrate judge filed a report on February 2, 2017, recommending that the Defendants' motion for summary judgment (doc. 26) be granted and that the Plaintiff's claims against all Defendants be dismissed with prejudice. Although the parties were advised of their right to file specific written objections within fourteen (14) days, on the date that this Court adopted the magistrate's recommendation, February 28, 2017, no objections appeared in the record. Thereafter, on March 8, 2017, this Court entered an Order which, among other things, stated:

> On February 24, 2017, the court received a motion for extension of time from the plaintiff (doc. 50), wherein he sought additional time to file objections to the Report and Recommendation, entered by the magistrate judge on February 2, 2017. (Doc. 47). Because the plaintiff failed to include a case number on his motion, the clerk's office was unable to ascertain the proper case in which to file his motion, and returned the motion to the plaintiff. (Doc. 50). On February 28, 2017, having received no objections, the court entered a Memorandum

> Opinion and Final Judgment granting the defendants' motion for summary judgment and dismissing this action with prejudice. (Docs. 48 & 49). On March 6, 2017, the court received a letter from the plaintiff stating he had asked for an extension of time to respond to the Report and Recommendation. (Doc. 51). In that letter, he provided the case number for the Clerk to locate his case. (*Id*.). At that point, the plaintiff's motion for extension of time was located and docketed in this case.

(Doc. 52 at 1-2). The undersigned treated the Plaintiff's letter as a motion to alter or amend judgment pursuant to Rule 59(e), FED. R. CIV. P., and to reopen the case to allow the Plaintiff an opportunity to file objections. That motion was granted. (Doc. 52 at 2).

On May 5, 2017, the Plaintiff filed objections to the magistrate's recommendation. In those objections, the Plaintiff stated that he wished to "withdraw the following d[e]fendants from this present action . . .: Herrell Watts [and] W.T. Taylor." (Doc. 55 at 1). Accordingly, the Plaintiff is only objecting to the magistrate's recommendation to the extent that he recommended that summary judgment be granted as to Dr. Stephanie Burrell.

Having conducted a *de novo* review of the entire file, including the report and recommendation, and the objections thereto, the Court is of the opinion that the magistrate's recommendation is due to be, and hereby is, **ADOPTED** and **ACCEPTED** as the opinion of this Court. Although the Plaintiff objects to the magistrate's legal analysis and recommendation to the extent that it finds that Dr.

2

Burrell is entitled to immunity, the magistrate is correct. The Court specifically holds that Dr. Burrell, as an employee of the U.S. Public Health Service, is entitled to immunity for the constitutional violations alleged against her in this action. 42 U.S.C.A. § 233(a); *Hui v. Castaneda*, 559 U.S. 799, 802, 130 S. Ct. 1845, 1848, 176 L. Ed. 2d 703 (2010) ("PHS officers and employees are not personally subject to *Bivens* actions for harms arising out of [their performance of a medical or related function]".) The Plaintiff's objections are accordingly **OVERRULED**.

A final judgment will be entered by separate order.

**DONE** this 11th day of May, 2017.

/s/ VEHopkins

**VIRGINIA EMERSON HOPKINS**
United States District Judge

United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Amy C. Nerenberg                                                   In Replying Give Number
Acting Clerk of Court                                              of Case and Names of Parties

# NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that <u>all</u> prisoners pay the Court's $500 docket fee plus $5 filing fee (for a total of $505) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1) Pay the total $505 fee to the clerk of the district court from which this case arose; *or*

(2) arrange to have a prison official certify to the district court from which the appeal arose the <u>average</u> monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the <u>average</u> monthly deposits or of the <u>average</u> monthly balances shown in your prison account. The remainder of the total $505 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $505 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $505 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $505 fee is collected, even if an appeal is unsuccessful.

Amy C. Nerenberg
Acting Clerk of Court

PLRA Notice